UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTINE ROBBIN, an individual,<br><br>**Plaintiff,**<br><br>v.<br><br>The CITY OF SEATTLE, WASHINGTON; and the SEATTLE POLICE DEPARTMENT,<br><br>**Defendants.** | No. 2:21-cv-1714<br><br>COMPLAINT FOR UNLAWFUL EMPLOYMENT DISCRIMINATION, VIOLATION OF TITLE VII, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND RETALIATION<br><br>JURY DEMAND |

Plaintiff Christine Robbin, by and through her attorney undersigned, sues Defendant the City of Seattle and alleges as follows:

## I.   PARTIES

1. Plaintiff CHRISTINE ROBBIN is a citizen of the United States, is female, and at all material times hereto was an individual residing in King County, Washington.

2. Defendant the CITY OF SEATTLE is a municipality located in King County Washington, is an employer under the Washington Law Against Discrimination, Chapter 49.60 RCW, and is also an employer subject to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e17 (race, color, gender, religion, national origin).

COMPLAINT– 1
No. 2:21-cv-1714

3. Defendant SEATTLE POLICE DEPARTMENT ("SPD") is a department of the City of Seattle with the authority to conduct and administer the affairs of the Police Department including managing and assigning employees.

## II.     JURISDICTION AND VENUE

4. This action arises under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e17 (race, color, gender, religion, national origin).

5. Jurisdiction over the City of Seattle is on the basis that the conduct of Seattle Police Department through its Assistant Chief Eric Greening constitutes actions under the color of authority of state statutes, municipal ordinances, regulations, customs, and usage culminating in a policy of discriminating on the basis of gender, violative of Plaintiff's federal and state rights against gender discrimination in employment.

6. This Court has ancillary jurisdiction over the related state law claims herein.

7. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in King County, Washington, which is in this judicial district. This action involves employment discrimination on the part of the City of Seattle.

8. Plaintiff has obtained a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.

9. Plaintiff presented her claim to the City of Seattle as required by RCW 4.96.020 and has timely filed this lawsuit, after waiting the required 60 days.

COMPLAINT– 2
No. 2:21-cv-1714

WESTERN WASHINGTON LAW GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

## III. BACKGROUND FACTS

10. At all material times, Plaintiff Christine Robbin was employed by the City of Seattle's Seattle Police Department ("SPD"). Most recently, Plaintiff served as a Lieutenant with SPD. During her employment with SPD, Lt. Robbin was an outstanding employee.

11. Plaintiff spent 34 years employed by SPD, having been hired by SPD on August 5, 1987. Previously, she spent 8 years in the Army Reserve (Military Police).

12. During the 34 years Plaintiff was employed by SPD, she had a variety of assignments in the South, East, West, and North Precincts. Plaintiff worked as a patrol officer from 1987 until 1999, as a detective in the Crime Analysis Unit until 2011, as an officer in the Special Assignments Unit for the Investigations Bureau, as a sergeant in the Education & Training Section for two years, and then briefly as an acting lieutenant conducting force review in 2017.

13. Plaintiff was promoted to lieutenant effective January 24, 2018.

14. Plaintiff's assignments with SPD included cars, bicycles, foot beat, Community Police Team, crime analysis, special projects, 20/20, training, Use of Force Lieutenant, and North Patrol Second Watch Lieutenant.

15. During all relevant times herein, Lt. Robbin was assigned to the North Precinct, as one of two second watch commanders.

16. During all relevant times herein, SPD Assistant Chief Eric Greening ("Greening") was Plaintiff's supervisor, holding the position of Assistant Chief of Patrol Operations since August 23, 2018.

COMPLAINT– 3
No. 2:21-cv-1714

WESTERN WASHINGTON LAW GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

17. During her career with SPD, all of Plaintiff's evaluations have been outstanding. Plaintiff has received numerous awards from SPD.

18. On March 27, 2019, multiple deadly shootings occurred on Sandpoint Way Northeast in Seattle. Plaintiff was the on-duty Lieutenant for the precinct and responded to the scene involving the shooting of a bus driver, arriving at approximately 4:09pm and assuming incident command.

19. Capt. Sano arrived at 4:20pm and relieved Lt. Robbin. When SPD Assistant Chief Eric Greening arrived on scene at 4:35pm, he took command from Capt. Sano.

20. Assistant Chief Greening sent Plaintiff to a third scene to take command. This third scene was still active with the shooting suspect being removed from a vehicle and taken into custody.

21. Plaintiff later received the Chief's Award for her handling of the Sandpoint Way Shootings.

22. Once the third scene was static and turned over to the homicide unit for investigation, a homicide detective and Plaintiff began walking toward Assistant Chief Eric Greening. Greening then yelled, "Lt. Robbin get homicide down here right now" in front of Plaintiff's subordinates and the public.

23. This action, including calling Lt. Robbin by name, belittled Plaintiff and diminished and undermined Plaintiff's authority in front of her subordinates and in front of members of the public.

24. Greening later apologized to a male homicide detective for his conduct but not to Plaintiff.

COMPLAINT– 4
No. 2:21-cv-1714

WESTERN WASHINGTON LAW
GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

25. Plaintiff has never observed Greening yell at anyone else in a similar fashion.

26. On April 27, 2019, a construction crane fell onto Mercer Street in Seattle. Plaintiff was the only commander on duty at the time and was dispatched as the commander to the scene. As soon as she reached the scene, Lt. Robbin assumed incident command.

27. Assistant Chief Eric Greening arrived at the scene approximately 30 to 45 minutes after Plaintiff did.

28. Approximately five minutes after Greening's arrival, Greening, without ever having taken command at the scene, and disregarding the chain of command, advised Plaintiff that he was relieving her from command and replacing her by calling in a male lieutenant who was not only off-duty but also on overtime.

29. Calling in an employee on overtime in such a situation is contrary to SPD training and police incident command structure and practice. SPD does not have a history of calling in employees who are off-duty to replace on-duty personnel at an active scene.

30. Elevation to Operations Lieutenant is the best path toward promotion to Captain within the SPD. The Operations Lieutenant generally is placed in a position of authority over other Lieutenants and can earn increased pay as acting captain.

31. Plaintiff desired to be assigned to the Operations Lieutenant position.

32. SPD Captain Sano advised Greening that he wanted Plaintiff to be his Operations Lieutenant following the departure of the existing Operations Lieutenant. Traditionally Precinct Captains choose the lieutenant they would like to be their operations lieutenant.

COMPLAINT– 5
No. 2:21-cv-1714

WESTERN WASHINGTON LAW
GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

33. On May 14, 2019, Plaintiff learned that Greening, who works closely with Operations Lieutenants, had stated that he did not want to work with Plaintiff.

34. In May or June of 2019, Plaintiff was denied the Operations Lieutenant position within SPD when Assistant Chief Eric Greening gave preference to a male candidate.

35. The male candidate who was offered the assignment to Operations Lieutenant did not want the position.

36. The male candidate who was offered the assignment to Operations Lieutenant had spent the majority of his time in patrol.

37. Plaintiff has held all the same positions as the male employee who was offered the Operations Lieutenant position.

38. In addition to patrol assignments, Plaintiff worked in many different units and assignments, which gave Plaintiff a more diverse education and background as qualifications for the Operations Lieutenant position.

39. In 2019, Plaintiff lodged a complaint with the City of Seattle under EEO 2019-0004.

40. In August or September of 2019, Plaintiff filed a charge with the State of Washington Human Rights Commission ("HRC") alleging discrimination on the part of the Seattle Police Department in violation of Title VII and the Washington Law Against Discrimination, Chapter 49.60 RCW. Plaintiff's said case was dually filed with the Equal Employment Opportunity Commission ("EEOC") and the State of Washington Human Rights Commission, under case numbers 17ES-0216-19-0 and EEOC Number 38G-2019-00524.

COMPLAINT– 6
No. 2:21-cv-1714

WESTERN WASHINGTON LAW
GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

41. After an investigation, the HRC found no reasonable cause, stating in its Investigative Finding/Closure Recommendation dated September 15, 2021, that the facts in the complaint

> do not constitute an unfair practice under the Washington State Law Against Discrimination [RCW 49.60.240(1)(a)]….
>
> Investigation in to Complainant's claim of disparate treatment-failure to hire concludes that there is no causal relationship between Complainant's gender and the failure to hire.

42. On October 4, 2021, the U.S. Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights, closing its file on the charge and adopting the findings of the state fair employment practices agency that investigated the charge. A true and correct copy of this Dismissal and Notice of Rights is attached hereto as **Exhibit A**.

43. Plaintiff had filed a prior charge with the Seattle Office of Civil Rights on February 14, 2014 (SOCR14CE003 and EEOC 38E-2014-0090). The parties resolved that dispute by mediation, resulting in a Settlement Agreement signed in November, 2014.

44. Assistant Chief Greening retaliated against the prior charge by describing Plaintiff as not collaborative and difficult to get along with.

45. Assistant Chief Greening retaliated against the prior charge by preferring to assign a male employee to Operations Lieutenant instead of assigning Plaintiff.

46. Plaintiff saw a counselor to help cope with the stress and emotional distress, but later had to discontinue the counseling sessions due to the COVID-19 pandemic.

COMPLAINT– 7
No. 2:21-cv-1714

WESTERN WASHINGTON LAW GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

47. Due to the discrimination, bullying, and resulting stress, Plaintiff had to retire early. Plaintiff has missed regular pay, overtime pay, out of class pay, and pay for assignment to a more highly paid position.

48. Plaintiff's retirement benefits have been negatively affected by SPD's failure to assign Plaintiff to a more highly paid position and by Plaintiff's having to take early retirement.

49. Plaintiff has also had to pay out-of-pocket for her and her husband's and daughters' medical, vision, and dental insurance rather than receiving this insurance as a benefit of employment.

### IV.  COUNT I – UNLAWFUL DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF RCW 49.60.180

50. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 49 above as though fully set forth herein.

51. RCW 49.60.180 prohibits an employer from discriminating against any person in terms or conditions of employment because of that person's sex.

52. As demonstrated above, Assistant Chief Greening's actions constitute unlawful discrimination against Plaintiff on the basis of her sex, in violation of Chapter 49.60 RCW.

53. Plaintiff has suffered damages as a result of said unlawful discrimination in an amount to be proven at trial

### V.  COUNT II – VIOLATION OF TITLE VII

54. Plaintiff realleges and incorporates by reference her allegations in paragraphs 1

COMPLAINT– 8
No. 2:21-cv-1714

WESTERN WASHINGTON LAW
GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

through 53 above as though fully set forth herein.

55. Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin.

56. At the scene of the Sand Point Way shootings, Plaintiff was treated unfairly by Assistant Chief Greening, who was acting in his capacity as an SPD Assistant Chief, when he yelled at her in front of her subordinates and the public and later apologized to a male employee but not to Plaintiff.

57. Assistant Chief Greening was acting in his capacity as an SPD Assistant Chief when he offered to assign a male employee to Operations Lieutenant instead of assigning Plaintiff.

58. Assistant Chief Greening's actions constitute unlawful discrimination against Plaintiff on the basis of her sex, in violation of Title VII.

59. Plaintiff has suffered damages as a result of said unlawful discrimination in an amount to be proven at trial.

## VI. COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff realleges and incorporates by reference her allegations in Paragraphs 1 through 59 above as though fully set forth herein.

61. Greening's conduct as stated above was extreme and outrageous.

62. Greening's conduct as expressed above constituted intentional or reckless infliction of emotional distress.

63. As the result of Greening's conduct, Plaintiff has suffered severe emotional distress.

COMPLAINT– 9
No. 2:21-cv-1714

WESTERN WASHINGTON LAW GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

## VII. COUNT IV – RETALIATION/DISCRIMINATION IN VIOLATION OF RCW 49.60.210

64. Plaintiff realleges and incorporates by reference her allegations in Paragraphs 1 through 63 above as though fully set forth herein.

65. RCW 49.60.210 prohibits an employer from discriminating or retaliating against any person because he or she has opposed any practices forbidden by Chapter 49.60 RCW, or because he or she has filed a charge, testified, or assisted in any proceeding under Chapter 49.60 RCW.

66. Plaintiff has suffered damages as a result of said unlawful discrimination in an amount to be proven at trial.

## VIII. COUNT V - STATUTORY CLAIM FOR ATTORNEY FEES PURSUANT TO RCW 49.60.030

67. Plaintiff realleges and incorporates by reference her allegations in Paragraphs 1 through 66 above as though fully set forth herein.

68. As the direct result of Defendants' discrimination against Plaintiff because of her sex, Plaintiff has been forced to seek recovery of damages through this action, thus entitling Plaintiff to a full recovery of reasonable attorney fees pursuant to RCW 49.60.030.

## IX. DAMAGES

1. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 66 above as though fully set forth herein.

2. As a direct and proximate result of the conduct by Defendants alleged above, Plaintiff has sustained and may sustain damages that include or are reasonably expected to

COMPLAINT– 10
No. 2:21-cv-1714

WESTERN WASHINGTON LAW
GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

include, without limitation:

a. All amounts designed to compensate Plaintiff for lost wages and benefits, including retirement benefits, that are the proximate and consequential result of Defendant's sex discrimination against the Plaintiff, the exact amount to be proven at trial;

b. Out of pocket expenses and costs in an amount to be proven at trial;

c. Prejudgment interest on all liquidated amounts due at the highest rate allowed by law to the date of the judgment;

d. All reasonable attorney fees, expenses, and costs incurred by Plaintiff and Plaintiff's attorneys related to this action. The Plaintiff is entitled to recover her costs and reasonable attorney's fees pursuant to RCW 49.60.030.

e. Compensatory damages for emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court grant relief as follows:

A. Judgment and Order against Defendants awarding Plaintiff compensation for lost wages;

B. Judgment against Defendants awarding Plaintiff her expenses and all other damages and losses that are the proximate and consequential result of the adverse employment actions she has suffered;

C. An award to Plaintiff of prejudgment interest on her damages award for all liquidated damage amounts;

D. An award to Plaintiff of compensatory damages for emotional distress;

E. An award to Plaintiff of all statutory costs permitted by law;

COMPLAINT– 11
No. 2:21-cv-1714

WESTERN WASHINGTON LAW GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300

F. An award to Plaintiff of all reasonable attorney fees incurred;

G. An allowance of post-judgment interest at the highest rate allowed by law;

H. Such other and further equitable and legal relief as the court deems just and equitable.

DATED this 30th day of December 2021.

WESTERN WASHINGTON LAW GROUP, PLLC

*/s/ Robert J. Cadranell*

_____
Robert J. Cadranell, WSBA #41773
Attorneys for Plaintiff

COMPLAINT– 12
No. 2:21-cv-1714

WESTERN WASHINGTON LAW GROUP, PLLC
PO BOX 468
SNOHOMISH, WA 98291
425.728.7296 Fax: 425.955.5300